IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 1, 2019

## NAOMI MARIE JONES v. DONNIE FRANK JONES, JR.

**Appeal from the Chancery Court for Dickson County**
**No. 2017-CV-346   Larry J. Wallace, Judge**

_____

### No. M2018-01746-COA-R3-CV

_____

Wife/Appellee filed a complaint for divorce while the Husband/Appellant was incarcerated. After the matter was set for final hearing, Husband filed a motion with the trial court requesting that Husband be allowed to participate in the proceeding via telecommunication. The trial court failed to rule on Husband's motion, and proceeded to hold the hearing and grant Wife's petition with no participation from Husband. Because we conclude that the trial court erred in proceeding with the final hearing while Husband's motion remained pending, the judgment of the trial court is hereby vacated in its entirety and the case is remanded for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and ANDY D. BENNETT, JJ., joined.

Donnie Frank Jones, Jr., Mountain City, Tennessee, Pro se.

Mark C. Odle, Dickson, Tennessee, for the appellee, Naomi Marie Jones.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Background

Plaintiff/Appellee Naomi Marie Jones ("Appellee") filed this divorce action against Defendant/Appellant Donnie Frank Jones, Jr. ("Appellant") in the Chancery Court for Dickson County, Tennessee ("trial court") on October 20, 2017. Appellant has at all times during the pendency of this case been incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee. On November 13, 2017, Appellant answered Appellee's complaint for divorce, raising issues regarding the parties' residence, the parties' three minor children, and Appellee's requested child support. Appellee then filed a motion requesting that the trial court waive the mediation requirement and set the matter for final hearing. The trial court granted Appellee's motion on April 10, 2018, and the matter was set for final hearing on May 31, 2018.

Thereafter, on April 16, 2018, Appellant filed a motion requesting that he be allowed to participate in the final hearing via video communication or telephone. *See* Tenn. Code Ann. § 41-21-809 ("The court may hold a hearing under this part at a county jail or a facility operated by the department or may conduct the hearing with video communications technology that permits the court to see and hear the inmate and that permits the inmate to see and hear the court and any other witnesses."). The trial court, however, declined to rule on Appellant's motion and instead proceeded with the final hearing. Appellee's complaint for divorce was granted, and the final order was entered on August 27, 2018. Therein, the trial court concluded that the residence at issue was Appellee's separate property and assessed Appellant's child support at $712.00 per month. Appellant filed a timely notice of appeal to this Court on September 24, 2018.

## Discussion

The single issue presented for review in this case is whether the trial court committed reversible error by holding the final hearing on the parties' divorce while Appellant's motion to participate in the hearing remained pending. Appellant asserts on appeal that the trial court indeed erred in failing to address Appellant's motion before proceeding with the trial. In contrast, Appellee asserts that because Appellant failed to file a notice of hearing concomitantly with his motion to participate, the trial court was not required to consider or address Appellant's motion. Having reviewed the record and applicable case law, we agree with Appellant.

This Court has addressed the issue presented many times. For example, in ***Knight v. Knight***, 11 S.W.3d 898 (Tenn. Ct. App. 1999), the wife of an incarcerated husband filed for divorce, alleging various grounds. The husband then filed a motion requesting that he be transported to the final hearing or, alternatively, that the proceeding be held in abeyance until husband's release from prison. *Id.* at 899. The trial court ignored husband's requests, and instead conducted a trial on the matter without entering a ruling on the pending motion. *Id.* After the trial court granted wife's complaint for divorce,

husband appealed. *Id.* This Court concluded that although the trial court was not required to issue a directive mandating husband's transport to the hearing, the divorce decree should be vacated due to the trial court's failure to address husband's pending motion *Id.* at 906–07; *see also **Cherry v. Cherry***, 1989 WL 155362, at \*5 (Tenn. Ct. App. Dec. 20, 1989) (vacating the final decree of divorce and remanding for further proceedings where the trial court entered the final decree without specifically ruling on the defendant's request to appear in person at the hearing or defendant's subsequent motion to continue the trial).

The ***Knight*** holding has been reiterated several times by this Court under circumstances nearly identical to the present case. In ***Reese v. Klocko***, M2005-02600-COA-R3-CV, 2007 WL 1452688 (Tenn. Ct. App. May 16, 2007) the defendant husband was convicted of a crime and imprisoned during the pendency of the parties' divorce. *Id.* at \*1. As such, the husband filed a pro se motion to participate in the proceedings by telephone. *Id.* Like the case-at-bar, the trial court failed to rule on the husband's motion and proceeded to trial with no participation from the husband. *Id.* The trial court granted the wife a divorce, and husband appealed. We vacated the trial court's final decree, noting that

> [l]itigation involving self-represented litigants can be challenging and difficult. It can become even more difficult and cumbersome when the self-represented litigant is incarcerated. However, an incarcerated litigant's right to meaningful access to the courts requires that the litigant be afforded a fair opportunity to present his or her side of the controversy. Appellate courts frequently have been confronted with cases in which the trial courts have disposed of claims either filed by or asserted against self-represented prisoners without first addressing the prisoner's pending motions. No matter whether the prisoner is the plaintiff or the defendant, reviewing courts have consistently held that trial courts err when they proceed to adjudicate the merits of the claim without first addressing the prisoner's pending motion or motions. These oversights have generally been found to be prejudicial rather than harmless because the failure to address pending motions gives the impression that a litigant is being ignored.

*Id.* at \*5 (citing ***Bell v. Todd***, 206 S.W.3d 86, 91 (Tenn. Ct. App. 2005)) (internal citations and footnotes omitted); *see also **Richards v. Richards***, No. E2014-02123-COA-R3-CV, 2015 WL 4575536, at \*1 (Tenn. Ct. App. July 30, 2015) (concluding that the trial court committed prejudicial error by dismissing incarcerated husband's complaint for divorce without first considering husband's motion to appear via video communication technology); ***Chastain v. Chastain***, No. M2003-02016-COA-R3-CV, 2004 WL 725277, at \*2 (Tenn. Ct. App. Mar. 31, 2004) (vacating the portions of the trial court's final decree of divorce addressing the division of the parties' marital estate

because the trial court failed to rule on the incarcerated husband's discovery motions before the final hearing).

Consequently, Tennessee law on the issue in the present case is well-settled. Moreover, this Court is unpersuaded by Appellee's argument on appeal that Appellant was not entitled to a ruling on his outstanding motion where he failed to properly set the motion for hearing. In making this argument, Appellee relies solely on Tennessee Rule of Civil Procedure 6.04, which provides that

> A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing, unless a specific period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application.

Appellee essentially asks us to hold that Appellant's failure to file a notice of hearing is fatal to his appeal; however, Appellee cites no law in her appellate brief that would support this outcome. Further, this Court squarely addressed Appellee's argument in *Chastain*:

> We do not place great significance on the fact that [husband] did not set his motions for argument. Such an effort would have been futile and counterproductive because he would have been unable to be physically present to argue the motions. Had he put the motions on notice, they would have been denied because he failed to appear. If parties who are not incarcerated do not request a trial court to consider and dispose of a prisoner's pretrial motions, the trial courts should take the initiative to arrange for the orderly consideration and disposition of a prisoner's motions prior to trial.

*Chastain*, 2004 WL 725277, at *2. *See also* *Reese*, 2007 WL 1452688, at *4 ("We have also held that a prisoner's failure to comply with local rules requiring motions to be set for hearing does not provide a trial court with an excuse for failing to address the pending motions."). Accordingly, we conclude that Appellee's argument on appeal is unconvincing, and that the present matter is controlled by the foregoing case law.

Here, Appellant filed a motion with the trial court requesting that he be allowed to participate in the divorce proceeding either by video communication or by telephone. This motion was not filed on the eve of trial, but weeks prior to the scheduled trial date. Nothing in the record indicates that the trial court ever responded to Appellant's motion or addressed it in any manner. Indeed, the record contains nothing between the filing of Appellant's motion and the entry of the final decree of divorce. While Appellee suggests that this omission by the trial court is harmless, the trial court's actions certainly "give the

impression that [Appellant] is being ignored[,]" and as discussed, "these oversights have generally been found to be prejudicial rather than harmless." ***Reese***, 2007 WL 1452688, at \*4–\*5 (citing ***Bell***, 206 S.W.3d at 91). Further, like the ***Chastain*** court, we decline to hold that Appellant's failure to file a notice of hearing is dispositive in this case, as "such an effort would have been futile and counterproductive[.]" ***Chastain***, 2004 WL 725277, at \*2. Rather, it was the trial court's responsibility to "take the initiative to arrange for the orderly consideration and disposition" of Appellant's motion to participate. ***Id.***

We simply cannot endorse the trial court's decision to "ignore [a motion] of substance and proceed as if [it] had not been filed." ***Id.*** Clearly, precedent demands that the judgment of the trial court be vacated in light of its decision to proceed with the final hearing despite Appellant's unresolved motion. *See* ***Reese***, 2007 WL 1452688, at \*4 ("[W]hen a trial court has failed to rule on an incarcerated litigant's pending motions, reviewing courts have consistently vacated the judgment and remanded the case to the trial court with directions to consider and act on the pending motions."). We therefore vacate the final decree of divorce in its entirety and remand the case for a new trial with the directive that the trial court rule on Appellant's pending motion before proceeding.[2]

### Conclusion

The judgment of the Dickson County Chancery Court is hereby vacated and remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed against the Appellee, Naomi Marie Jones, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[2] While we express no opinion as to whether the trial court should grant or deny Appellant's motion, we would point out that in at least one case, this Court ordered the trial court to allow the incarcerated litigant to participate in the divorce proceedings via telephone. *See* ***Reese***, 2007 WL 1452688, at \*5 ("We, therefore, vacate the final divorce decree in its entirety and remand this case for a new trial with directions that Husband be allowed to participate at trial by telephone.").